**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RUSTAM ZHIKHONSHAEVICH SUVANIDZE | : | |
| | : | No. 1343 MDA 2025 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 21, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000135-2025

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED JUNE 30, 2026**

Rustam Zhikhonshaevich Suvanidze ("Suvanidze") appeals from the judgment of sentence entered by the York County Court of Common Pleas ("trial court") following his summary conviction of one count of violating the maximum speed limit.[1]  After careful review, we vacate the judgment of sentence and discharge Suvanidze.

On March 7, 2025, at approximately 6:30 p.m., Officer Joshua Phillips was parked in a marked patrol vehicle at a Route 30 turnaround in Hellam Township, York County, Pennsylvania.  N.T., 8/21/2025, at 4-5, 10.  He observed a vehicle traveling eastbound that appeared to exceed the posted fifty-five-mile-per-hour speed limit and was weaving between lanes while

---

[1] 75 Pa.C.S. § 3362(a)(2).

overtaking other vehicles. *Id.* at 5. Officer Phillips pulled onto Route 30, followed the vehicle, and matched its speed. *Id.* at 10. He activated a speed-timing device and tracked the vehicle for 15.35 seconds across 0.3356 miles, obtaining an average speed of seventy-eight miles per hour. *Id.* at 10, 11, 14, 15. Officer Phillips then conducted a traffic stop, identified the driver as Suvanidze, and issued a citation for exceeding the maximum speed limit at a reduced speed of sixty-six miles per hour in a fifty-five-mile-per-hour zone. *Id.* at 8-9.

Suvanidze pled not guilty and appeared before a magisterial district judge, who found Suvanidze guilty and imposed a fine of $207.44. Suvanidze filed a summary appeal to the trial court.

On August 21, 2025, the trial court held a hearing, at which Officer Phillips and Suvanidze testified. Officer Phillips testified that his patrol vehicle was equipped with a properly calibrated speed-timing device, the V-Spec 9906 ("V-Spec"), and that the device was active when he observed Suvanidze's vehicle. *Id.* at 7. The Commonwealth presented a copy of the certificate of accuracy for the V-Spec to the trial court. *Id.* at 7, Commonwealth's Exhibit 1; *see also id.* at 7 (Officer Phillips states that they are admitting a copy of the certificate of accuracy, and the original was sitting on his desk). Suvanidze's counsel stated that she was not challenging the certificate of accuracy. *Id.* at 18-19. Relevant herein, the Commonwealth did not introduce any official certificate that the V-Spec was a speed-timing device

approved by the Department of Transportation ("PennDOT"), and it neither cited the Pennsylvania Bulletin nor requested that the trial court take judicial notice that the device's approval was published therein. At the close of the hearing, the trial court found Suvanidze guilty and imposed the same fine previously imposed by the magisterial district judge. *Id.* at 20.

Suvanidze filed a timely appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He raises the following issue for our review:

> Did the Commonwealth fail to establish all of the necessary elements required to sustain a verdict of guilty in a case where the offense charged is speeding, [75 Pa.C.S.] § 3362 of the Vehicle Code?

Suvanidze's Brief at 2.[2]

Suvanidze challenges the sufficiency of the evidence to support his conviction. We review his claim according to the following standard:

> In reviewing the sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (citations omitted).

---

[2] The Commonwealth did not file a brief.

To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: (1) an accused was driving in excess of the speed limit; (2) the speed timing device used by the officer was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department.

*Commonwealth v. Pollick*, 314 A.3d 882, 887 (Pa. Super. 2024) (citations omitted); *see also* 75 Pa.C.S. §§ 3362(a), 3368.

Suvanidze makes a number of arguments in support of vacating his conviction, only one of which we need to address as it is dispositive of his appeal. Specifically, he contends that the Commonwealth failed to establish the second element of the offense, as it presented no evidence to establish that the V-Spec was a speed timing device approved by PennDOT. Suvanidze's Brief at 6. He states that the certificate of accuracy contains no indication that the V-Spec was approved by PennDOT and the Commonwealth failed to request that the trial court take judicial notice of the approval of the device in the Pennsylvania Bulletin. *Id.* at 9, 11.

The trial court rejected Suvanidze's sufficiency claim for the following reasons:

[Suvanidze] specifically waived any challenge to the certificate of accuracy. [Suvanidze] also failed to raise any challenge to whether the testing station was appointed by [PennDOT]. The original certificate of accuracy was presented for review during the proceeding a copy was made a part of the record. A review of Commonwealth's Exhibit 1 shows the document is on PennDOT form MV-471B and clearly states "Pursuant to the provisions of Section 3368 of the Pennsylvania Vehicle Code (75 Pa.C.S. [§] 3368), and the rules and regulations promulgated thereunder, **this is to certify that YCG, Inc. has been designated an Official Electronic Device (Non-Radar) Testing Station** . . . ."

- 4 -

Based on the evidence presented, the Commonwealth established beyond a reasonable doubt that [Suvanidze] exceeded the maximum speed limit on March 7, 2025, and that the speed-timing device used to measure his speed was properly calibrated and tested at a PennDOT-designated official testing station. The certificate of accuracy was admitted without objection, and [Suvanidze]'s remaining arguments are either waived or contradicted by the record.

Trial Court Opinion, 11/17/2025, at 5-6 (emphasis in original).

At the outset, we disagree with the trial court that Suvanidze's concession to the certificate of accuracy waived his challenge to the sufficiency of the Commonwealth's evidence, as it is the Commonwealth's burden to prove all the elements of the summary offense. *See **Commonwealth v. Kaufman***, 849 A.2d 1258, 1260 (Pa. Super. 2004) (rejecting the argument that the appellant waived the claim by failing to object to the certificate's admission and holding that "[t]here [is] no need for [an] appellant to object that the certificate of accuracy [is] not enough to prove the Commonwealth's burden; rather, it [is] the Commonwealth's duty to provide this evidence"). In other words, Suvanidze's failure to challenge the admission of the certificate of accuracy established only that the device had been calibrated and tested, not that PennDOT approved the device as a speed-timing device.

The law is clear that the Commonwealth may establish that a particular speed-timing device has been approved by PennDOT in one of two ways: by introducing a separate document from the Secretary of Transportation under seal to show approval of the device in question, or by requesting that the trial court take judicial notice of the approval as published in the Pennsylvania

Bulletin. *See Kaufman*, 849 A.2d at 1260; *see also Commonwealth v. Denny*, 539 A.3d 814, 816 (Pa. Super. 1987). As we have previously held, "in order for results of a radar device to be properly admissible at trial, the Commonwealth must offer evidence, *independent of the certificate of accuracy*, to show that the testing facility has been appointed by [PennDOT] as an official testing station pursuant to the statutory requirements in the Vehicle Code." *Kaufman*, 849 A.2d at 1260 (emphasis in original).

The record reflects that the Commonwealth failed to introduce any official certificate under seal that the V-Spec was a speed-timing device approved by the Secretary of Transportation or ask the trial court to take judicial notice of the device's approval in the Pennsylvania Bulletin. *See Kaufman*, 849 A.2d at 1260; *see also Pollick*, 314 A.3d at 887. The fact that the V-Spec is listed as an approved device in the Pennsylvania Bulletin is of no moment.[3] The trial court cannot "take judicial notice of something that was neither noticed below nor supported by the evidence. There must be at least some reference to the authoritative source for the court to take judicial notice." *Kaufman*, 849 A.2d at 1261 (citing *Commonwealth v. Kittelberger*, 616 A.2d 1, 3 (Pa. Super. 1992)).

---

[3] *See* 54 Pa. Bull. 8565 (Dec. 28, 2024) (approving V-Spec, manufactured by YCG, Inc., as a speed-timing device for use by any police officer); *see also* 75 Pa.C.S. § 3368(d).

As the record is devoid of any evidence establishing that the device used to measure Suvanidze's speed was approved by PennDOT, the Commonwealth did not present proof of every element of the offense for which Suvanidze was convicted before the trial court. Therefore, we are constrained to conclude the evidence was insufficient to sustain Suvanidze's conviction for exceeding the maximum speed limit.[4] **See id.** (concluding that the evidence was insufficient to sustain the speeding summary conviction where the Commonwealth failed to establish the required PennDOT approval of the speed timing device); **see also Commonwealth v. Olander**, 304 A.3d 746, *6 (Pa. Super. 2023) (non-precedential decision) (vacating a speeding conviction because the Commonwealth failed to "cite the Pennsylvania Bulletin or ask the trial court to take judicial notice that the stopwatch at issue was a statutorily approved speed timing device").[5]

Judgment of sentence vacated. Suvanidze discharged. Jurisdiction relinquished.

---

[4] Because this conclusion is dispositive of Suvanidze's appeal, we need not addressing his remaining claims regarding the certificate of accuracy.

[5] Unpublished decisions of this Court, filed after May 1, 2019, may be cited for persuasive authority. **See** Pa.R.A.P. 126(b).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/30/2026